Vitelio **AGUILAR**, et al.

v.

UNITED NATIONAL INSURANCE COMPANY.

Civ. No. 5:92cv00729 (PCD).

United States District Court, D. Connecticut.

June 23, 1993.

---

Edward V. Walsh, Cotter, Cotter & Sohon, Bridgeport, CT, for plaintiffs.

Daniel F. Sullivan, Robinson & Cole, Hartford, CT, for defendant.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiffs allege, *inter alia*, violations of the Connecticut Unfair Insurance Practices Act (CUIPA), Conn.Gen.Stat. § 38a–815 *et seq.*, and the Connecticut Unfair Trade Practices Act (CUTPA), Conn.Gen.Stat. § 42–110a *et seq.* Defendant moves to dismiss these counts and to strike plaintiffs' claims for attorney's fees and punitive damages.

### I. *Background*

The facts alleged in the complaint are taken as true on a motion to dismiss under Fed.R.Civ.P. 12(b)(6). After their property was damaged by fire, plaintiffs made a claim under their insurance policy with defendant. Defendant has refused to pay.

Plaintiffs allege unfair claims settlement practices by defendant in:

(a) failing to act reasonably promptly on the claim;

(b) failing to affirm or deny coverage reasonably promptly;

(c) failing to deal in good faith;

(d) not attempting to effectuate a prompt, fair and equitable settlement of plaintiffs' claim;

(e) failing to explain the basis for denying the claim promptly and for not offering to compromise;

(f) failing to adopt and implement reasonable standards for the prompt investigation of plaintiffs' claim; and

(g) compelling plaintiffs to sue to recover the amount owing.

*See, e.g.,* Complaint, Count 2, ¶ 7.

### II. *Discussion*

A motion to dismiss under Rule 12(b)(6) must be decided solely on the facts alleged. *Goldman v. Belden,* 754 F.2d 1059,

1065–66 (2d Cir.1985). Such a motion should be granted only where no set of facts consistent with the allegations could be proven entitling plaintiffs to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The issue is not whether plaintiffs will prevail, but whether they should be afforded the opportunity to offer evidence to prove their claims. *Id.*

Defendant argues that plaintiffs' allegations, if proven, are insufficient to show that defendant's acts were committed "with such frequency as to indicate a general business practice," as necessary for liability under CUIPA. Conn.Gen.Stat. § 38a–816(6)(b). Plaintiff responds that multiple allegations of insurance misconduct as to single person or entity are sufficient to state a claim under CUIPA.

"[C]laims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." *Mead v. Burns,* 199 Conn. 651, 659, 509 A.2d 11 (1986). Whether multiple claims of misconduct arising in the context of only one insurance claim are sufficient to state a claim has not been addressed by the Connecticut appellate courts. Trial courts have split on the issue. *Compare Physicians Health Serv. v. Dziurzinski,* 7 Conn.L.Rptr. 77 (1992); *Peterson v. Allstate Ins. Co.,* 7 Conn.L.Rptr. 376 (1992); *Lees v. Middlesex Ins. Co.,* 7 Conn.L.Rptr. 297 (1992); *with Sansone v. Esis, Inc.,* 8 Conn.L.Rptr. 171 (1993); *Sambuco v. Aetna,* 4 Conn.L.Rptr. 74 (1991); *Martin v. New England Masonry,* 4 Conn. L.Rptr. 551 (1991); *Combustion Eng'g v. Salk & Sons, Inc.,* 3 Conn.L.Rptr. 597 (1990).

■ Although plaintiffs allege several ways in which defendant engaged in unfair settlement practices, the allegations are all based on defendant's denial of plaintiffs' one claim for insurance coverage. "[T]hese actions are in reality one act on the part of [the insurer]. There is only .one [insured] involved, ... and one insurance policy." *Lees,* 7 Conn.L.Rptr. at 298. To hold that such allegations rise to the level of a "general business practice" would be to render *Mead* meaningless, as an insured who is denied coverage could circumvent *Mead* merely by classifying a single denial in several different categories of unfair settlement practice. Plaintiffs therefore fail to state a claim for violation of CUIPA; counts two, six and ten are dismissed.[1]

Because plaintiffs' CUTPA claims are premised entirely on the alleged CUIPA violations, those claims also fail. *See Mead,* 199 Conn. at 166, 509 A.2d 11. Counts three, seven and eleven are dismissed.

Defendant argues, and plaintiffs do not dispute, that the claims for attorney's fees and punitive damages are based solely on CUTPA. As the CUTPA claims have been dismissed, the claims for attorney's fees and punitive damages must also be stricken.

Defendant argues that counts five and eight, brought on behalf of Vitelio Aguilar d/b/a Aguilar & Sons, Inc., must be dismissed because claims brought under a "d/b/a" are duplicative of those brought by Vitelio Aguilar personally. The allegations of counts five and eight are identical to counts one and four brought on behalf of Vitelio Aguilar personally. Plaintiffs do not respond to this argument. Counts five and eight are dismissed.

### III. *Conclusion*

Defendant's motion to dismiss (document # 4) is granted. Counts 2, 3, 5, 6, 7, 8, 10 and 11 are dismissed. Plaintiffs' claims for attorney's fees and punitive damages are stricken.

SO ORDERED.

---

1. Plaintiffs argue in the alternative that their allegations should be construed to encompass other policyholders. *See, e.g., Martin v. New England Masonry,* 4 Conn.L.Rptr. 551 (1991). In *Martin,* however, it was held that the allegations were "sufficiently broad to encompass a number of activities and claims not limited in time or to any particular insured." Such cannot be said of plaintiffs' allegations here, which are explicitly limited to plaintiffs' claim.